UNITED STATES v. PREMISES IN BUTTE, MONT. (two cases).

(District Court, D. Montana. October 17, 1917.)

Nos. 926, 927.

1. SEARCHES AND SEIZURES ⟨key⟩7—UNREASONABLE—SUSPICION.

    Under Const. Amend. 4, declaring that the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause, mere suspicion that one of German nativity is a spy of Germany, with which country the United States is at war, and that a search of his premises would disclose that fact, will not warrant a search and seizure of the premises to discover evidence of that fact in his effects and papers; this being particularly true where the property or papers sought for were not described in the application.

2. SEARCHES AND SEIZURES ⟨key⟩7—"UNREASONABLE"—CONSTITUTION.

    Search and seizure of an individual's private books and papers to secure evidence of his criminality is "unreasonable," within Const. Amend. 4, prohibiting unreasonable searches and seizures.

3. SEARCHES AND SEIZURES ⟨key⟩7—AUTHORITY OF CITY—WITNESS TESTIFYING AGAINST SELF.

    Under Const. Amend. 5, declaring that no person shall be compelled in any criminal case to be a witness against himself, search warrants for the search and seizure of a person's private papers for the purpose of obtaining evidence of his criminality cannot be issued, though it is asserted such person is a spy of a foreign power with which the United States is at war, for that would compel the alleged spy to be a witness against himself by means of his writings and records.

Petitions by the United States for search warrant to search premises 619 West Iron Street, Butte, Mont., and Rooms 308 and 309, Phœnix Building, of the same city, occupied by one Carl Pohl. Warrants refused.

B. K. Wheeler, U. S. Atty., of Butte, Mont., and H. G. Murphy, Asst. U. S. Atty., of Helena, Mont., for petitioner.

BOURQUIN, District Judge. The district attorney presents affidavits "that he has good reason to believe and does verily believe" that in certain described premises in Butte is "certain property, to wit, account books, letter press, copying books, carbon copies of letters and telegrams, maps, models, * * * typewriters," which have been unlawfully used to cause or attempt to cause insubordination, disloyalty, mutiny, and refusal of duty in the military and naval forces of the United States in the war, and kindred offenses, and warrants are sought to search and seize. In support are filed reports of government officers and depositions, from which it appears one Carl Pohl, now of Butte, is suspicioned of being a German spy, engaged in German service, and the warrants are expected to find evidence thereof amongst his effects.

It seems Pohl is of German nativity, now a citizen of Canada, who entered the United States irregularly more than two years ago, but which irregularity has been cured, and with his family resides in Butte, ostensibly in realty and insurance business. For some months he has been and now is in the employ of a local mining company, to create

sentiment favorable to the company and adverse to antagonistic labor unions and so-called I. W. W., and therein has given satisfactory service. Amongst other things he warned his employer against certain German influence, and they procured the departure of persons they suspected of German service; Pohl insisting prosecution would render his life worth nothing. His duties brought him in association with the foreign element thought of German sympathies; he also being of like sympathy. His employer deposes he was told his informant believed Pohl and others were writing and mailing reports, and the employer wondered if to German agencies. Accordingly he consulted Byrn, of the Department of Justice, and the latter concluded that in any event Pohl was of less harm than good. And Byrn deposes he has investigated Pohl for some months, but, although "many suspicious circumstances have been developed," he does not feel a sufficient amount of evidence is at hand "to warrant Pohl's prosecution under any federal statute."

[1, 2] The conclusion of Byrn, an experienced and skillful investigator, accords with the facts laid before the judge. Hence, as it does not appear probable that Pohl has committed any of the offenses charged against the United States, nor that he has any of the property or papers described and that are designed or intended as means to such offense, the warrants must be refused. The Fourth Amendment to the Constitution declares:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

It originated in old English law that "every man's house is his castle." Mere belief and suspicion are not enough; "probable cause" within the meaning of the Constitution arising only from facts and circumstances sufficient to create in the minds of men of average prudence a reasonable belief that a crime has been committed and that the guilty person or the instruments or fruits of the crime are in certain premises. Then only can a warrant to search and seize issue. In the instant case is no more than suspicion. Furthermore, the search and seizure is for and of Pohl's private books and papers, and that is forbidden by said amendment, in that it is "unreasonable." Boyd v. U. S., 116 U. S. 635, 6 Sup. Ct. 524, 29 L. Ed. 746.

[3] And the warrants must be refused for another reason. The Fifth Amendment to the Constitution declares no person "shall be compelled in any criminal case to be a witness against himself." This amendment forbids search and seizure of private books and papers; for in legal contemplation such search and seizure does compel the owner "to be a witness against himself" by the most potent evidence—his writings and records. See Boyd v. U. S., 116 U. S. 634, 6 Sup. Ct. 524, 29 L. Ed. 746; Weeks v. U. S., 232 U. S. 392, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Ballmann v. Fagin, 200 U. S. 193, 26 Sup. Ct. 212, 50 L. Ed. 433.

These constitutional provisions were designed to check great evils, well known to the founders of this republic. They are as valuable and

necessary in war as in peace and to be respected in both. They are "principles of humanity and civil liberty, which had been secured in the mother country only after years of struggle." The duty of giving them—

"force and effect is obligatory upon all intrusted under our federal system with the enforcement of the laws. The tendency of those who execute the criminal laws of the country to obtain convictions by means of unlawful seizures * * * should find no sanction in the judgments of the courts, which are charged at all times with the support of the Constitution, and to which people of all conditions have a right to appeal for the maintenance of such fundamental rights." Weeks v. U. S., 232 U. S. 392, 34 Sup. Ct. 344, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177.

"Papers are the owner's goods and chattels; they are his dearest property, and are so far from enduring a seizure that they will hardly bear an inspection." A law permitting their seizure "would be subversive of all the comforts of society. * * * Our law has provided no paper search to help forward the conviction. Whether this proceedeth from the gentleness of the law towards criminals, or from a consideration that such a power would be more pernicious to the innocent than useful to the public, I will not say. It is very certain that the law obligeth no man to accuse himself; because the necessary means of compelling self-accusation, falling upon the innocent as well as the guilty, would be both cruel and unjust, and it would seem that search for evidence is disallowed upon the same principle. Then, too, the innocent would be confounded with the guilty." Lord Camden's decision in a celebrated case of seditious libel (1765), cited and followed in Boyd v. U. S., 116 U. S. 626, 6 Sup. Ct. 524, 29 L. Ed. 746.

The warrants are refused.